### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN T. GIONFRIDDO,<br>    *Defendant*. | No. 3:18-cr-00307 (JAM) |

### ORDER DENYING MOTION FOR SENTENCE REDUCTION

Stephen Gionfriddo is a prisoner of the Federal Bureau of Prisons ("BOP"). In light of the rapidly spreading coronavirus ("COVID-19"), he moves under 18 U.S.C. § 3582(c)(1)(A) for a reduction of his sentence of imprisonment to allow for his early release. I will deny the motion.

#### BACKGROUND

On February 27, 2019, I sentenced Gionfriddo principally to a term of 46 months of imprisonment following his guilty plea to two counts of mail and wire fraud. He began serving his sentence in April 2019, just over one year ago, and he is scheduled to complete his term of imprisonment about two years from now in July 2022.

Gionfriddo will turn 70 years old later this month. He states that he has suffered from asthma since the 1980s, and currently uses a Proair HFA inhaler and a bronchodilator for his upper respiratory issues. Doc. #72-1 at 2. He does not state whether this asthma has been diagnosed as moderate or severe. One of his prison medical records states "H/O mild asthma, no recent attack, stable on current inhaler." Doc. #83 at 23 (chart note dated April 29, 2019); *see also id.* at 129 (chart note dated March 16, 2020 stating "Remote H/O asthma, no asthma exacerbation for 12 months, will D/C CCC"); *id.* at 133 (chart note dated March 16, 2020 noting

asthma in "remission"); *id*. at 141-42 (chart note dated April 16, 2020 noting asthma in "remission")

Gionfriddo also states that he has been diagnosed with diabetes and is suffering from gout. *See* Doc. #72-1 at 2, 8. The Government submits that Gionfriddo's medical records do not include a diagnosis of diabetes generally, let alone a specific type of diabetes. Various prison medical records reflect that Gionfriddo has denied having diabetes. Doc. #83 at 30, 36, 77. Gionfriddo's claim of gout is likewise belied by his medical records, which note that he has a history of gout but that it has not bothered him for years. *See* Doc. #83 at 49, 69, 132; *see also* Doc. #81 at 7.

Gionfriddo is serving his sentence at the satellite prison camp for minimum-security male offenders at FCI Cumberland in Maryland. According to the BOP's website, FCI Cumberland has about 1,114 inmates.[1] The BOP states the satellite camp where Gionfriddo is housed has not had any positive cases to date and that, notwithstanding some earlier positive test results, no inmates have tested positive for COVID-19 at FCI Cumberland's main camp for over a month. Docs. #81 at 9; #81-1 at 2.[2] The BOP has instituted extensive procedures to reduce any likelihood of an outbreak of COVID-19 at FCI Cumberland. *See* Docs. #81 at 8-10; #81-1 at 1-2.

Counsel for Gionfriddo has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), along with a supplemental memorandum in support. Doc. #72. The Government has filed an opposition memorandum. Doc. #81; *see also* Doc. #85 (supplemental memorandum in opposition). The parties do not dispute that Gionfriddo has properly exhausted the administrative procedures required before the filing of his motion for release in this Court.

---

[1] *See* Federal Bureau of Prisons, FCI Cumberland, available at https://www.bop.gov/locations/institutions/cum (last accessed July 2, 2020) [https://perma.cc/E3ZS-HMAK].
[2] Federal Bureau of Prisons, COVID-19 Coronavirus, COVID-19 Inmate Test Information, available at https://www.bop.gov/coronavirus (last accessed July 2, 2020) [https://perma.cc/UWU9-FWBW].

2

DISCUSSION

I will first review the statutory and regulatory framework that governs motions under 18

U.S.C. § 3582(c)(1)(A). Then I will address how these factors apply to this case.

### Statutory and regulatory framework

Federal law allows a court to grant a "compassionate release" motion to reduce a federal

prisoner's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

Previously it was only the BOP that could file this kind of motion, but amidst widespread

complaints about the failure of the BOP to file motions on prisoners' behalf, Congress amended

the law with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), to allow

prisoners the right to file their own motions for a sentence reduction if they first exhaust the

statute's procedures for initially making a request to the warden to file a motion on their behalf.

*See United States v. Hill*, 2020 WL 2542725, at *1 (D. Conn. 2020).

Provided that a prisoner has satisfied the statute's exhaustion requirement, section

3582(c)(1)(A) establishes several criteria for a court to consider when deciding whether to grant

the motion for a sentence reduction. First of all, there has to be no less than "extraordinary and

compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[3] The statute

does not further define this term but it instructs courts to consider whether a sentence reduction is

"consistent with applicable policy statements issued by the Sentencing Commission." *Ibid.*

Congress has separately directed the Sentencing Commission to "describe what should be

considered extraordinary and compelling reasons for sentence reduction, including the criteria to

be applied and a list of specific examples," while also advising that "[r]ehabilitation of the

---

[3] As an alternative to the existence of such "extraordinary and compelling reasons," section 3582(c)(1)(A) allows for motions to be filed by the BOP on behalf of prisoners who are at least 70 years old and have served at least 30 years in prison. 18 U.S.C. § 3582(c)(1)(A)(ii). This alternative is not at issue in this case.

3

defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

In accordance with this instruction from Congress, the Sentencing Commission has issued a policy statement in the U.S. Sentencing Guidelines that sets forth criteria for what constitute "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13 cmt. n.1 (2018). The commentary provides, for example, that "extraordinary and compelling reasons" exist if the defendant "is suffering from a terminal illness" or if the defendant otherwise has a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Ibid.* cmt. n.1(A). The commentary further provides for a catch-all "Other Reasons" that "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Ibid.* cmt. n.1(D).

As numerous courts have recognized, the Sentencing Guidelines have not yet been revised to bring them into conformity with the First Step Act's authorization for defendants to bring their own motions after exhausting administrative procedures. Therefore, to the extent that the Guidelines commentary purports to vest authority solely with the BOP to make a determination of "Other Reasons," this delegation is no longer exclusive; courts also have independent authority to decide whether there are "Other Reasons" that amount to "extraordinary and compelling reasons" to grant a motion for sentence reduction. *See Hill*, 2020 WL 2542725, at *2 (citing cases).

Beyond a court's determination as to whether there exists "extraordinary and compelling reasons" for a sentence reduction, a court must also "consider[] the factors set forth in [18

U.S.C.] section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Therefore, a court must examine the same factors it did when it initially sentenced the defendant,

including the nature and circumstances of the crime, the defendant's history and characteristics,

and the multiple purposes of sentencing, such as providing just punishment, deterring crime,

protecting the public from further crimes by the defendant, and providing the defendant with

rehabilitation. *See* 18 U.S.C. § 3553(a). In addition, a court must determine that "[t]he defendant

is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

§ 3142(g)." U.S.S.G. § 1B1.13(2).

### *Factors applying to Gionfriddo*

I first address whether Gionfriddo has shown "extraordinary and compelling" reasons

that could warrant a sentence reduction. There is no doubt that the COVID-19 pandemic is

extraordinary, having killed more than one hundred thousand people in the United States in

recent months. But Gionfriddo fails to show that he is at appreciable risk of contracting COVID-

19, much less that he is particularly vulnerable to the virus's most lethal effects.

Although Gionfriddo states that his asthma places him at increased risk of serious illness

if he contracted COVID-19, the medical records do not show that his asthma is severe. *See* Doc.

#81 at 4-6. Some of his recent medical records from March and April 2020 state that

Gionfriddo's asthma is in "remission." Doc. #83 at 133, 141.

On June 25, 2020, the Centers for Disease Control and Prevention ("CDC") revised its

list of risk factors for COVID-19. The revised guidance clarifies that people with the condition of

"moderate-to- severe" asthma  "*might* be at an increased risk" of severe illness from COVID-19

(emphasis added).[4] The revised guidance also makes clear that only Type 2 diabetes mellitus

---

[4] *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), "People of Any Age with Underlying Medical Conditions," last updated June 25, 2020, available at https://www.cdc.gov/coronavirus/2019-

presents an "increased risk" for severe illness from COVID-19, and also removed the specific

age threshold from the older adult classification, warning that risk increases steadily with older

age but that "it's not just those over the age of 65 who are at increased risk for severe illness."[5]

Furthermore, there have been no reported cases of COVID-19 at FCI Cumberland's

satellite camp at which Gionfriddo is confined. Doc. #81 at 8-9. By way of contrast, Middletown,

which is where Gionfriddo seeks to be released, has over 600 confirmed cases of COVID-19 and

over 60 deaths as of June 30, 2020.[6] All in all, Gionfriddo has not shown that the risk he faces

from COVID-19 while imprisoned at FCI Cumberland constitutes an extraordinary and

compelling reason for his release from imprisonment.

Turning to the sentencing factors under 18 U.S.C. § 3553, Gionfriddo is a former attorney

and mayor of Middletown who twice has been convicted for stealing a cumulative total of more

than $1 million dollars from legal clients, his law firm employer, and his disabled brother. His

most recent victims, the law firm and his brother, have voiced their objection to his early release,

and expressed their concern that he might reoffend.

I have considered all of the sentencing factors and conclude in light of Gionfriddo's

record and character that the purposes of sentencing would not be served if he were released at

this time, with more than half of his sentence remaining to be served. Moreover, in view of

Gionfriddo's choice to steal money from those who trusted him even after his first federal fraud

---

ncov/need-extra-precautions/people-with-medical-

conditions html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed July 2, 2020) [https://perma.cc/D6KQ-AYUQ].

[5] *See* Centers for Disease Control and Prevention, "CDC updates, expands list of people at risk of severe COVID-19 illness," June 25, 2020, available at https://www.cdc.gov/media/releases/2020/p0625-update-expands-covid-19 html (last accessed July 2, 2020) [https://perma.cc/9LYY-EX6G].

[6] Connecticut Department of Public Health, "COVID-19 Tests, Cases, and Deaths (By Town)," last updated July 1, 2020, available at https://data.ct.gov/Health-and-Human-Services/COVID-19-Tests-Cases-and-Deaths-By-Town-/28fr-iqnx (last accessed July 2, 2020) [https://perma.cc/YAY7-WZ28].

conviction and imprisonment, there is little assurance that Gionfriddo would refrain from trying to steal again if he were released early from imprisonment.

### CONCLUSION

For the reasons set forth above and for substantially the reasons stated in the Government's opposition memoranda, the motion of defendant Stephen Gionfriddo for a reduction in sentence is DENIED. Doc. #72.

It is so ordered.

Dated at New Haven this 2d day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge